# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-11120
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEASHA ANTIONETTE TURNER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-139-1

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Keasha Antionette Turner appeals the sentence imposed following her guilty plea conviction for conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 2, 1344. She argues that the district court improperly calculated the offense level using the charge limits of the credit card accounts as the measure of the intended loss under U.S.S.G. § 2B1.1. She argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have calculated her offense level using the actual charges to the accounts as the amount of loss under § 2B1.1.

Turner objected to the calculation of the loss amount at the sentencing hearing. She argues that because she is challenging the district court's application of the Guidelines, the proper standard of review is de novo review. The district court's determination of the amount of loss is a factual finding reviewed for clear error, and the court receives "wide latitude to determine the amount of the loss and should make a reasonable estimate based on available information." *United States v. Jones*, 475 F.3d 701, 705 (5th Cir. 2007). When reviewing a district court's loss calculations, this court must determined "whether the sentencing court applied an acceptable method of calculating the amount of loss, which must bear a reasonable relation to the actual harm of the offense." *Id*. A factual finding is not clearly erroneous unless it is implausible when the record is considered as a whole. *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

Turner has not shown that the district court's determination of the loss amount was clearly erroneous. *See id*. Turner's argument that she intended to charge the credit card accounts only a few times and then stop in order to avoid detection is not supported by the record. The district court determined that Turner should be held responsible for the credit cards' limits because she not only used the cards herself, she also gave the credit card information to other people and had no control over the amount that these people charged to the accounts. Turner also attempted to charge amounts that were thwarted by blocks on the accounts and attempted to charge accounts for which no actual losses resulted. Further, Turner's coconspirator, Andrea Renee, who worked at Citibank, removed blocks on some accounts, which allowed more fraudulent charges to be made on those accounts. Turner's actions and lack of control over others' use of the accounts indicate that she intended others to use the credit card accounts up to the credit cards' limits. Turner put the victims at risk for

the entire amount of the credit cards' limits. *See United States v. Morrow*, 177 F.3d 272, 301 (5th Cir. 1999) (affirming amount of loss based on intended loss because defendants had no control over whether mobile home consumers would repay fraudulently obtained loans); *see also United States v. Sowell*, 998 F.3d 249, 251-52 (5th Cir. 1993) (affirming amount of loss finding of credit card limits based on defendant's intent and his transfer of credit cards to others increasing likelihood that loss would be credit cards' limits).  Therefore, Turner has not should that the district court's determination that the amount of intended loss was the credit cards' limits was clearly erroneous.

AFFIRMED.